# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **TOMMY L. TAYLOR,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV 10-321-FHS-SPS |
| ) | |
| **RANDALL WORKMAN and** ) | |
| **JUSTIN JONES,** ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

This action is before the court on the defendants' motion to dismiss and the court's own motion to consider dismissal of the case as frivolous under 28 U.S.C. § 1915. Plaintiff brought this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma.[1] The defendants are OSP Warden Randall Workman and DOC Director Justin Jones.[2]

Plaintiff alleges that Defendant Warden Workman and OSP Unit Manager Crysta

---

[1] According to the Oklahoma DOC website at www.doc.state.ok.us/, plaintiff has been discharged from custody, but he has failed to notify the court of his current address, as required by Local Civil Rule Local Civil Rule 5.5(a).

[2] To the extent the defendants are sued in their official capacities as DOC officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

Robbins are friends, and when plaintiff received a misconduct for destruction of state property on April 16, 2010, Workman placed plaintiff in administrative segregation as a personal favor to Robbins. Plaintiff claims he had filed complaints concerning harassment and earned credits against Robbins about a week before being placed in administrative segregation, and he believes the placement was in retaliation for his complaints. Plaintiff also asserts Warden Workman placed him in the extremely violent administrative segregation unit without regard for plaintiff's safety, loss of privileges, or availability of earned credits.

In Count 1 plaintiff claims the unit classification team recommended he remain in the general population, but Warden Workman continued to order plaintiff's incarceration in the violent administrative segregation unit. In Count 2 plaintiff complains his April 16, 2010, misconduct for destruction of state property was a minor offense, and no other inmates were housed under such severe conditions for minor offenses. He asserts he has suffered psychological injury from being in fear of harm in the unit. In Count 3 he contends his placement in segregation before a hearing violated the Fifth Amendment. He alleges in Count 4 that he was not given a fair opportunity to present a defense to the misconduct or to confront witnesses against him, and Defendant Jones was deliberately indifferent to his rights and privileges, when Jones failed to investigate plaintiff's placement in administrative segregation.

The defendants assert, among other things, that plaintiff has failed to allege the personal participation of Defendant Jones or Defendant Workman. Plaintiff has not filed a response to the motion. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). An official is not individually liable unless

an affirmative link exists between the official's conduct and the alleged constitutional deprivation. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996) (citing *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996)).

After careful review, the court finds plaintiff has failed to show Defendant Warden Workman's personal participation in the alleged constitutional violations. Plaintiff admits he was placed in administrative segregation after he kicked out a window and received a misconduct for destruction of state property. He believes Workman had him placed in administrative segregation as a favor to the Unit Manager, who allegedly is Workman's friend, when the misconduct did not warrant such a harsh punishment. Plaintiff, however, has presented no evidence to support this claim. The court, therefore, finds the claim against Workman is speculative and meritless.

Plaintiff's claim in Count IV alleges Defendant DOC Director Jones was deliberately indifferent to plaintiff's rights when Jones returned plaintiff's grievance unanswered:

> Director Jones is clearly being deliberately indifferent to the rights and privileges of I/M Taylor #256334 and is clearly showing total disregard to the harm Warden Workman's actions can and will cause to the rights and interest of I/M Taylor #256334. . . . Director Jones is very aware of the criteria for which inmates are placed in administrative segregation, he's also very aware of the high propensity of violence here on this unit. By Director Jones refusing to properly investigate complaints made by Inmate Taylor and know[ing] very well the privileges, immunities I/M Taylor would lose by being placed on administrative segregation also knowing the high rate of violence here on H-Unit/Administrative Segregation that Inmate Taylor would be forced to live with and endure while confined on admin. segregation.

[Docket #1 at 6].

Plaintiff is complaining that Defendant Jones returned his grievance about administrative segregation unanswered, but "denial of a grievance, by itself without any

3

connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). The record shows the grievance was returned by the Director's Designee, because the issue previously had been addressed. [Docket #1, Exhibit A]. Also, plaintiff needed to follow the standard grievance process, because the issue was not of a sensitive or emergency nature. *Id.* Plaintiff clearly has failed to show Defendant Jones' personal participation.

Based on the foregoing reasons the court finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous.

**IT IS SO ORDERED,** this 14th day of September, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma